HANCHETT BOND CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8703. Promulgated July 26, 1927.

Evidence held insufficient to establish the reasonableness of salaries claimed as a deduction for business expenses in 1919.

*John W. Hulse, Esq.*, for the petitioner.
*Thomas M. Wilkins, Esq.*, for the respondent.

In this proceeding the petitioner seeks a redetermination of a deficiency in income and profits taxes for the year 1919 in the amount of $9,119.53. The deficiency results from the disallowance as a deduction of $4,000 salary paid L. A. Trowbridge, a director of the Municipal Securities Corporation, which was affiliated with the Hanchett Bond Co.

### FINDINGS OF FACT.

The petitioner is an Illinois corporation engaged in the bond business. It was organized in 1910 and on May 10, 1915, the Municipal Securities Corporation was organized to take care of a special department for the handling of fractional bonds. All the stock of the Municipal Securities Corporation was owned by the Hanchett Bond Co. Both corporations had their principal place of business in Chicago, Ill. For the year 1919 the Municipal Securities Corporation filed a separate income and excess-profits-tax return. The tax was computed on the basis of a consolidated return for the Hanchett Bond Co. and the Municipal Securities Corporation. The return and accompanying schedules filed by the Municipal Securities Corporation showed as a deduction from income, compensation to officers totaling $6,200. Of this amount $5,000 was compensation to L. A. Trowbridge as director and employer. The schedule attached to the return contained the following note relative to the $5,000 item:

Compensation made for administrative services rendered over period of past five years.

The compensation of officers and directors was not fixed by corporate resolution, but was arranged informally. Actual payment of the salary in question was made by the Hanchett Bond Co. and the proper offsetting entries were made on the books of the Municipal Securities Corporation, to which the Hanchett Bond Co. was indebted. Mr. Trowbridge was employed in services of value to both corpo-

rations, but no evidence was introduced to show either the value or amount of services rendered to the Municipal Securities Corporation.

The Commissioner disallowed $4,000 of the total deduction claimed as salary for L. A. Trowbridge.

### OPINION.

GREEN: Section 234 (a) (1) of the Revenue Act of 1918 provides that, in computing the net income of the corporation, there shall be allowed as deductions all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for services rendered. The return filed stated that the salary in question was paid as " compensation made for administrative services rendered over period of past five years." We were not informed whether the petitioner maintained its books of account upon the cash receipts and disbursement basis or upon the accrual basis. The additional salaries were not paid during the prior years. If the books of account were maintained upon the accrual basis for the prior years, a liability must have been incurred in those years to pay the additional salary in question, in order that the salary could be claimed and allowed as a deduction in computing net income for those years. It may be that such additional salaries paid in 1919 constitute a reasonable compensation for personal services actually rendered in that year, but we have no evidence before us concerning the salary paid, service performed, or the value or character of business done during the year 1919, and we are, accordingly, without the necessary facts to determine the issue for that year.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN and ARUNDELL.